UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VINCENT THOMPSON,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C17-305 BAT

**ORDER GRANTING EAJA FEES AND COSTS**

Vincent Thompson, moves for EAJA fees of $7,779. Dkt. 20. The Commissioner argues that her position is substantially justified and no fees should be awarded. Dkt. 21. The Court rejects the Commissioner's argument and **GRANTS** plaintiff's motion. Plaintiff is also entitled to fees for the time spent writing and filing a reply and may submit for the Court's signature a proposed order for the additional amount.

Substantial justification requires the government to demonstrate its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation position, and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014). The "position of the United States" includes *both* the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). Thus the Court first

considers the underlying agency action to determine whether the government's position is substantially justified. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872–73. Here the Commissioner reargues her position, a position the Court already rejected in reversing the ALJ's decision, and which the Court rejects as establishing substantial justification. To the extent the Commissioner raises new arguments, they cannot be relied upon to substantially justify a prior position.

Accordingly the Court **GRANTS** Mr. Thompson's motion, Dkt. 20, and **ORDERS** that plaintiff is awarded EAJA fees and expenses in the sum of $7,779. The Court has reviewed the pleadings and finds the fee requested is reasonable. Subject to offsets allowed under the Treasury Offset Program, under *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award shall be sent to plaintiff's attorney Steve Hood at his address: Steve Hood, Attorney at Law, P.S., 114 W. Magnolia St., Ste. 400-157, Bellingham, WA 98225. Plaintiff is also entitled to fees for the time spent writing and filing the reply brief on the motion for EAJA fees. Plaintiff may submit for the Court's signature a proposed order for this additional amount.

DATED this 6th day of December, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge